UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ROLLER BEARING COMPANY OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of the U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01294 |

# COMPLAINT

Plaintiff, by and through its counsel of record, brings this Complaint against the United States, U.S. Customs and Border Protection, and Rodney S. Scott in his official capacity as Commissioner of U.S. Customs and Border Protection (Collectively, "Defendants"), and alleges the following:

1. Roller Bearing Company of America, Inc. ("Plaintiff") is an importer, as defined in 19 C.F.R. 101.1, of merchandise into the United States.

2. Beginning in February 2025, pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, the President of the United States issued executive orders ("IEEPA Executive Orders") declaring a national emergency and imposing sweeping tariffs on goods from almost all foreign countries.

Court No. 26-00000

3. On May 28, 2025, this Court ruled that IEEPA does not authorize the imposition of tariffs. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025).

4. On appeal, the United States Court of Appeals for the Federal Circuit affirmed this Court's holding. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

5. On appeal, the Supreme Court of the United States affirmed the decision of the United States Court of Appeals for the Federal Circuit holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)) [hereinafter "*Learning Resources*"].

6. This action is warranted because this Court "has authority to order reliquidation" and the Supreme Court also confirmed that challenges to the IEEPA tariffs fall "within the exclusive jurisdiction" of this Court.  *Id*. at 5; *AGS Company Automotive Solutions v. U.S. Customs and Border Protection*, Slip Op. 25-124 at 7, 2025 WL 3634261 (Ct. Int'l Trade Dec. 15, 2025) [hereinafter "*AGS*"].  As a result, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA dues paid by Plaintiff.

7. Accordingly, for the reasons set out by the Supreme Court in *Learning Resources*, Plaintiff seeks a full refund of all IEEPA duties Plaintiff has paid as a result of the unlawful IEEPA Executive Orders.

**PARTIES**

8. Plaintiff Roller Bearing Company of America, Inc. is a U.S. company located in Connecticut and incorporated under the laws of Delaware.

9. Defendant United States Customs and Border Protection ("Customs") is an agency of the U.S. Department of Homeland Security, which is headquartered in Washington, D.C. Customs collects tariffs or duties on products entered into the customs territory of the United States.

10. Defendant Rodney S. Scott is the Commissioner of Customs and is being sued in his official capacity.

11. Defendant United States of America received payment of the IEEPA tariffs and is the statutory defendant pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

## JURISDICTION

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i). *See Learning Resources*, slip op. at 5, n.l.  In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. §§ 2643(a)(1), (c)(1).

13. This Court can order all appropriate relief because it has the same powers in law and in equity as a United States District Court. 28 U.S.C. § 1585.

14. Plaintiff, as importer of record of the goods, has standing to sue pursuant to 28 U.S.C. § 2631(i), which states that "[a]ny civil action of which the Court of International Trade has jurisdiction … may be commenced by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."  As a result of the IEEPA Executive Orders, Plaintiff has paid unlawful IEEPA duties to Defendants and has suffered injury.  Plaintiff also faces imminent and irreparable harm because entries for which it paid deposits of IEEPA tariffs are anticipated to liquidate in the near future.  *See*

*AGS*, Slip Op. 25-124 at 6, 2025 WL 3634261 (Ct. Int'l Trade Dec. 5, 2025). The relief sought would redress Plaintiff's injuries.

15. This action is timely because 28 U.S.C. § 2636(i) requires a plaintiff to act "within two years after the cause of action first accrues," and because the first harm-causing Executive Order was issued on February 1, 2025, and subsequently published on February 7, 2025.

## GENERAL PLEADINGS

**I.    The President's IEEPA Executive Orders**

16. On February 1, 2025, the President issued executive orders targeting imports from Canada, China, and Mexico based on those countries' purported roles in exacerbating opioid and crime-related issues in the United States. Exec. Order No. 14193, 90 Fed. Reg. 9113 (Feb. 1, 2025); Exec. Order No. 14194, 90 Fed. Reg. 9117 (Feb. 1, 2025); Exec. Order No. 14195, 90 Fed. Reg. 9121, as amended, 90 Fed. Reg. 11463 (Feb. 1, 2025) (collectively, "Trafficking Tariffs"). The President cited a national emergency, relying on IEEPA, to issue the Trafficking Tariffs.

17. On February 5, 2025, the President issued Executive Order 14,200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,277 (Feb. 11, 2025).

18. On March 3, 2025, President issued Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

19. On April 2, 2025, the President announced a 10% tariff on imports from all trading partners with limited exceptions, as well as country-specific tariffs for 57 named

Court No. 26-00000

countries. Exec. Order No. 14257, 90 Fed. Reg. 15041, *as amended*, 90 Fed. Reg. 15625 (April 2, 2025) ("Reciprocal Tariffs"). The President cited existing trade deficits, relying on IEEPA to issue the Reciprocal Tariffs.

20. On April 8, 2025, the President issued Executive Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025).

21. Finally, on April 9, 2025, the President issued E 14266, *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 15, 2025).

22. The President has, since the imposition of the original IEEPA Executive Orders, issued executive orders imposing additional tariffs and/or modifying existing IEEPA Executive Orders. *See e.g.*, Exec. Order No. 14,323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (Aug. 5, 2025) ("Brazil IEEPA Order"); Exec. Order No. 14,329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 11, 2025) ("Russian Federation IEEPA Order"); *see also e.g.*, Exec. Order No. 14,197, *Progress on the Situation at Our Northern Border*, 90 Fed. Reg. 9,183 (Feb. 10, 2025); Exec. Order No. 14,198, *Progress on the Situation at Our Southern Border*, 90 Fed. Reg. 9,185 (Feb. 10, 2025); Exec. Order No. 14,226, *Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 11,369 (Mar. 6, 2025).

23. By this complaint, Plaintiff seeks relief as a result of all duties they have paid and/or will pay to the United States arising from the IEEPA Executive Orders.

II.    **Customs' Effectuation of IEEPA Executive Orders**

5

Court No. 26-00000

24. Through the IEEPA Executive Orders, the President directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS") that required that goods subject to the IEEPA Executive Orders be entered under new tariff codes.

25. In particular, the IEEPA Executive Orders are effectuated through Chapter 99. Chapter 99 of the HTSUS includes various provisions established based on "temporary legislation" and "temporary modifications established pursuant to trade legislation," among other provisions. U.S. Int'l Trade Comm'n, Harmonized Tariff Schedule of the United States, Pub. No. 5684, ch. 99 (Nov. 2025). The provisions of Chapter 99 effectuating the IEEPA Executive Orders require U.S. importers to declare their entries as subject to the tariffs and dictate the applicable tariff rates. The IEEPA Executive Orders established many new additional dutiable "secondary" subheading provisions under Subchapter III of Chapter 99 of the HTSUS.

26. Plaintiff classified its imported merchandise under the applicable HTSUS Chapter 99 headings that impose the IEEPA tariffs, as required by the HTSUS and the IEEPA Executive Orders.

27. Importers of record, like Plaintiff, deposited estimated IEEPA tariffs, like all other duties, at the time of entry. *See* 19 U.S.C. § 1505(a). Plaintiff has paid all estimated duties, taxes, and fees, including IEEPA tariffs, owed on its entries of imported merchandise.

28. Customs is responsible for the assessment and collection of duties, including IEEPA duties, when goods are entered into U.S. Customs territory. *See* 19 U.S.C. §§ 1500, 1502. Customs collects duties pursuant to the classifications of goods under the HTSUS. 19 U.S.C. § 1202.

Court No. 26-00000

29. Through its Cargo Systems Messaging Service ("CSMS"), Customs communicates changes in duty rates to importers.

30. Customs defines "liquidation" as the final determination of duties owed on consumption or drawback entries. 19 C.F.R. § 159.1.

31. When importers enter goods into U.S. Customs territory, the importer of record pays an estimated duty based on a Customs declaration, which details the value, origin, and HTSUS classification of the imported goods. *See* 19 U.S.C. §§ 1484, 1504.

32. Customs then confirms the final classification, duty rate, value, and final amount of duty for the imported goods in order to complete final appraisement of the import. 19 U.S.C. § 1500.

33. Upon final appraisement, Customs "liquidates" the entry and notifies the importer of any additional duty owed or if the importer is owed a refund of any duties already paid. 19 U.S.C. § 1504(b).

34. Liquidation must occur within one year from the date of entry of goods, unless liquidation is extended or suspended. 9 U.S.C. § 1504. Customs typically liquidates entries 314 days after entry and posts a notice of liquidation to this effect on its website. *See* 19 C.F.R. § 159.9.

35. An importer may request an extension of the deadline for liquidation and must show good cause therefor, and Customs, at its discretion, may extend the deadline for liquidation by up to one year. *See* 19 U.S.C. § 1504(b)(2); 19 C.F.R. § 159.12(a)(1)(ii).

36. Customs liquidation "decisions" become final 180 days after liquidation unless an administrative protest is filed by the importer of record. 19 U.S.C. § 1514(a).

ADMIN 700728539v8

37. Per the ruling of this Court in *AGS*, this Court "has authority to order reliquidation" of entries subject to IEEPA duties. *AGS*, Slip Op. 25-124 at 7, 2025 WL 3634261 (Ct. Int'l Trade Dec. 5, 2025). Defendants have also represented to the Court that they "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).

### III.    Plaintiff's Existing Payments of IEEPA Duties

38. As of the date of this Complaint, Plaintiff has paid IEEPA duties imposed by the IEEPA Executive Orders under new IEEPA tariff codes.

39. Plaintiff has paid IEEPA duties. Specifically, Plaintiff paid IEEPA duties in connection with importing goods from countries subject to IEEPA Executive Orders including, without limitation, Bosnia, China, France, Germany, India, Mexico, South Korea, Sweden, and Taiwan.

40. The entries for which Plaintiff has paid IEEPA duties imposed by the IEEPA Executive Orders have begun to liquidate. Plaintiff is at imminent risk of losing the ability to recover unlawfully collected duties absent judicial relief.

### IV.    IEEPA Does Not Authorize Tariffs

41. The Supreme Court has now confirmed that "IEEPA does not authorize the President to impose tariffs." *Learning Resources*, slip op. at 20.

42. The IEEPA Executive Orders invoke IEEPA, 50 U.S.C. § 1701 *et seq.*, the National Emergencies Act, 50 U.S.C. § 1601 *et seq.*, section 604 of the Trade Act of 1974, *as amended*, 19 U.S.C. § 2483, and 3 U.S.C. § 301, to impose tariffs on goods from other countries.

Court No. 26-00000

43. None of these statutes authorizes the imposition of tariffs by the President. Of the cited statutes, Defendants rely exclusively on IEEPA to collect the IEEPA duties challenged pursuant to this action. However, IEEPA does not authorize the imposition of tariffs and therefore does not provide any lawful basis for the IEEPA Executive Orders or the duties imposed pursuant to the same.

## STATEMENT OF CLAIMS

## COUNT I

### THE IEEPA TARIFFS ARE UNLAWFUL AS EXPLAINED BY THE UNITED STATES SUPREME COURT IN *LEARNING RESOURCES*

44. Plaintiff incorporates paragraphs 1-43 by reference.

45. In *Learning Resources*, the United States Supreme Court considered challenges to the President's authority to impose tariffs under IEEPA after this Court ruled, and the Federal Circuit affirmed, that the president exceeded his authority when he imposed tariffs on imported goods. *Learning* Resources, slip op. at 20; *see also V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025)..

46. The Supreme Court explained in *Learning Resources* that the President's power to "regulate importation" pursuant to IEEPA "does not" embrace the power to impose tariffs. *Learning Resources*, slip op. at 16.

47. Plaintiff is an importer of record and has suffered injury by having been required to pay IEEPA duties under the IEEPA Executive Orders on goods it has imported into the customs territory of the United States.

ADMIN 700728539v8

Court No. 26-00000

48. The IEEPA Executive Orders purport to impose duties and modify the HTSUS solely under IEEPA.

49. This Court is bound by the United States Supreme Court's decision in *Learning Resources* and should accordingly order refunds of all IEEPA duties paid by Plaintiff, with interest as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Roller Bearing Company of America, Inc. respectfully requests that the Court:

a. Order Customs to reliquidate any entries that have been liquidated with IEEPA duties;

b. Order Customs to liquidate, without IEEPA duties, all unliquidated entries subject to IEEPA duties;

c. Order that the United States refund to Plaintiff all IEEPA duties collected on those entries, together with interest as provided by law;

d. Award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

e. Award any further relief this Honorable Court deems just and proper.

Respectfully submitted,

/s/ *Laura S. Rabinowitz*
Laura S. Rabinowitz
Shrutih Tewarie
Donald Stein
Ryan Ghassemi
GREENBERG TRAURIG, LLP
2101 L St. NW, Suite 1000
Washington, D.C. 20037
1(202) 533-2384

Court No. 26-00000

                        *Counsel for Plaintiff Roller Bearing Company of America, Inc.*

Dated: \_\_\_\_, \_\_, 2026

11